**UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | | |
|---|---|---|
| TERRI KAYE NOFFSINGER, Administrator | ) | |
| of the Estate of | ) | |
| JEFFREY ALAN NOFFSINGER, Deceased | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | Civil Action No:  7:20CV398 |
| | ) | |
| CUSTOM TRANSPORT, INC. | ) | |
| **Serve:  Secretary of the Commonwealth of** | ) | |
| **Virginia** | ) | |
| and | ) | |
| | ) | |
| JOSHUA ANTHONY BERNARD, | ) | |
| **Serve: Secretary of the Commonwealth of** | ) | |
| **Virginia** | ) | |
| | ) | |
| Defendants. | ) | |

**Also Serve:    Corporation Service Company, Registered Agent for**
**Selective Insurance Company of South Carolina**
**100 Shockoe Slip, Floor 2**
**Richmond, VA 23219**
**(City of Richmond)**

**Also Serve:    Corporation Service Company, Registered Agent for**
**Selective Insurance Company of America**
**100 Shockoe Slip, Floor 2**
**Richmond, VA 23219**
**(City of Richmond)**

**Also Serve:    Beth Roberts, Registered Agent for**
**GEICO Advantage Insurance Company**
**1345 Perimeter Pkwy**
**Virginia Beach, VA 23454**
**(City of Virginia Beach)**

**Also Serve:    Beth Roberts, Registered Agent for**
**GEICO Indemnity Company**

1

**1345 Perimeter Pkwy**
**Virginia Beach, VA 23454**
**(City of Virginia Beach)**

<u>**COMPLAINT**</u>

1.      Terri Kaye Noffsinger, Administrator of the Estate of Jeffrey Alan Noffsinger, Deceased, brings this action against the defendants, Custom Transport, Incorporated ("Custom Transport"), and  Joshua Anthony Bernard ("Bernard"), jointly and severally, seeking monetary relief, including relief pursuant to Va. Code § 8.01-50, et seq., arising out of the October 2, 2019 tractor trailer collision on Interstate 81 in Roanoke County, Virginia.

2.      Jeffrey Alan Noffsinger ("Jeffrey Noffsinger") was stopped or moving very slowly in a vehicle in a northerly direction on Interstate 81, in Roanoke County, Virginia, when he was rear ended by a Custom Transport's tractor and trailer, which was travelling at least 62 miles per hour.

3.      Jeffrey Noffsinger died as a result of the injuries he suffered in the collision.


I.       **Parties**


4.      Terri Kaye Noffsinger ("Terri Noffisinger"), Jeffrey Noffsinger's widow, qualified and was duly appointed Administrator of the Estate of Jeffrey Alan Noffsinger, Deceased, by the Circuit Court of the County of Roanoke, Virginia on the 22nd day of October, 2019.

5.       At all times relevant hereto, Terri Noffsinger was a citizen of the Commonwealth of Virginia, residing in Roanoke, Virginia.

6.      At all times relevant hereto, Jeffrey Noffsinger was a citizen of the Commonwealth of Virginia, residing in Roanoke, Virginia.

7.      At all times relevant hereto, Defendant Joshua Anthony Bernard was a citizen of the State of Tennessee, residing in Elizabethton, Tennessee.

8.      At all times relevant hereto, Defendant Custom Transport is a North Carolina corporation with its principal place of business in Taylorsville, North Carolina.

9.      At all times relevant hereto, Custom Transport owned, operated, and managed a trucking company based out of Taylorsville, North Carolina.

10.     At all times relevant hereto, Custom Transport also operated its trucking company out of a location in Conover, North Carolina.

11.     At all times relevant hereto, Custom Transport was acting through its employees, agents, and assigns, including, but not limited to, Bernard.

12.     At all times relevant hereto, Defendant Bernard was an employee and agent of Custom Transport.

13.     At all times relevant hereto, Defendant Bernard was acting within the course and scope of his employment with Custom Transport.

14.     At all times relevant hereto, Custom Transport was vicariously liable for Bernard's actions and omissions.

## II.      Jurisdiction and Venue

15.     This Court has subject matter jurisdiction under 28 U.S.C. §1332.

16.     The amount in controversy in this matter exceeds the sum or value of $75,000.00, exclusive of interest and costs.

17.    There is complete diversity between the parties.

18.    This Court has personal jurisdiction over all Defendants as they each have at least minimum contact with the Commonwealth of Virginia.

19.    Venue is proper in this judicial district under 28 U.S.C. §1391 because, at all times material hereto, a substantial part of the events or omissions giving rise to this suit occurred in this judicial district.

### III.    Facts

20.    On October 2, 2019, at approximately 6:00 p.m., Jeffrey Noffsinger was stopped or moving very slowly in a vehicle in a northerly direction on Interstate 81, in Roanoke County, Virginia.

21.    Jeffrey Noffsinger was obeying all traffic laws.

22.    At the same time and place, Defendant Bernard was operating a 2014 International ProStar tractor-trailer truck, and was traveling northbound on Interstate 81 in Roanoke County, Virginia.  This tractor-trailer truck was owned by Custom Transport.

23.    The road conditions were clear.

24.    There was heavy traffic.

25.    Jeffrey Noffsinger was driving in the right lane of Interstate 81.

26.    Defendant Bernard was also driving in the right lane of Interstate 81.

27.    Defendant Bernard was operating the tractor-trailer truck owned by Custom Transport directly behind the vehicle operated by Jeffrey Noffsinger.

28.    As Jeffrey Noffsinger approached mile marker 134.6, traffic slowed to a stop or nearly a stop.

29.    Jeffrey Noffsinger activated his brakes and came to a stop or nearly a stop.

30.     Jeffrey Noffsinger was traveling at or nearly at 0.0 miles per hour.

31.     Defendant Bernard continued operating the tractor-trailer truck behind the vehicle operated by Jeffrey Noffsinger.

32.     Defendant Bernard was operating the tractor-trailer truck at approximately 62 miles per hour.

33.     Defendant Bernard struck the rear end of Jeffrey Noffsinger's vehicle, propelling it over the guard rail on the right side of the road.

34.     The collision caused extensive damage to Jeffrey Noffsinger's vehicle.

35.     Despite significant damage to the tractor-trailer truck, Defendant Bernard escaped the collision without significant injury.

36.     As a direct and proximate result of this collision, Jeffrey Noffsinger sustained serious and fatal injuries that caused his death on October 2, 2019.

37.     At the time of his death, Jeffrey Noffsinger was fifty-one (51) years of age, was in good health and was employed.

38.     At the time of his death, Jeffrey Noffsinger did not have a Last Will and Testament and was survived by the following beneficiaries:

> Terri Kaye Noffsinger, widow;
> Heather Noffsinger Marron, daughter; and
> Michael Noffsinger, son.

### IV.     Causes of Action

### COUNT ONE
**Negligence**
*Defendant Joshua Anthony Bernard*

39.     The preceding paragraphs are hereby incorporated as if fully set forth herein.

40.     At all times relevant hereto, Defendant Bernard owed Jeffrey Noffsinger numerous duties, including but not limited to:

        a.      The duty to operate the tractor trailer with reasonable care and due regard for others;

        b.      The duty to keep a proper lookout;

        c.      The duty to keep his vehicle under proper control;

        d.      The duty to give full time and attention to the operation of the tractor trailer;

        e.      The duty to operate the tractor trailer in a safe manner;

        f.      The duty to operate his vehicle at a reasonable speed under the existing circumstances; and

        g.      The duty not to strike from the rear a lawfully stopped or nearly stopped vehicle being operated by Jeffrey Noffsinger.

41.     Defendant Bernard breached those duties and was negligent in at least the following respects:

        a.      Bernard did not operate the tractor trailer with reasonable care and due regard  for others;

        b.      Bernard did not keep a proper lookout;

        c.      Bernard did not keep his vehicle under proper control;

        d.      Bernard did not give full time and attention to the operation of the tractor trailer;

        e.      Bernard did not operate the tractor trailer in a safe manner;

        f.      Bernard did not operate his vehicle at a reasonable speed under the existing circumstances; and

g.    Bernard struck from the rear a stopped or nearly stopped vehicle being

operated by Jeffrey Noffsinger.

42.    As a direct and proximate cause of Bernard's negligence, Jeffrey Noffsinger died

on October 2, 2019.

43.    Had Bernard not breached his duties and had not been negligent, Jeffrey

Noffsinger would not have died on October 2, 2019.

44.    As a direct and proximate result of Defendant Bernard's negligence and resulting

death of Jeffrey Noffsinger, the class of beneficiaries of this action, as determined in accordance

with Va. Code § 8.01-53, have sustained losses, including but not limited to, sorry, mental

anguish, losses of society, companionship, comfort, guidance, kindly offices and advice of

Jeffrey Noffsinger.  This class of beneficiaries has lost past and future compensation of income

of Jeffrey Noffsinger, as well as for services, protection, care and assistance provided by Jeffrey

Noffsinger and the other items of damages recoverable under Virginia law.  *See e.g*., Va.  Code §

8.01-52.

45.    As a direct and proximate result of Defendant Bernard's negligence and resulting

death of Jeffrey Noffsinger, this class of beneficiaries also incurred expenses for the care,

treatment, funeral and related expenses of Jeffrey Noffsinger incident to his injuries and his

resulting death.

## COUNT TWO
### Negligence
*Defendant Custom Transport, Inc.*

46.    The preceding paragraphs are hereby incorporated as if fully set forth herein.

47.    At all times relevant hereto, Custom Transport was acting through its employee or

agent, Defendant Bernard.

48.     At all times relevant hereto, Defendant Custom Transport owed Jeffrey Noffsinger numerous duties, including but not limited to:

a.      The duty to operate the tractor trailer with reasonable care and due regard for others;

b.      The duty to keep a proper lookout;

c.      The duty to keep his vehicle under proper control;

d.      The duty to give full time and attention to the operation of the tractor trailer;

e.      The duty to operate the tractor trailer in a safe manner;

f.      The duty to operate his vehicle at a reasonable speed under the existing circumstances; and

g.      The duty not to strike from the rear a lawfully stopped or nearly stopped vehicle being operated by Jeffrey Noffsinger.

49.     Defendant Custom Transport, acting through its employee and agent, Defendant Bernard, breached those duties and was negligent in at least the following respects:

a.      Custom Transport did not operate the tractor trailer with reasonable care and due regard for others;

b.      Custom Transport did not keep a proper lookout;

c.      Custom Transport did not keep its vehicle under proper control;

d.      Custom Transport did not give full time and attention to the operation of the tractor trailer;

e.      Custom Transport did not operate the tractor trailer in a safe manner;

f.      Custom Transport did not operate his vehicle at a reasonable speed under the existing circumstances; and

g.      Custom Transport struck from the rear a stopped or nearly stopped vehicle being operated by Jeffrey Noffsinger.

50.      As a direct and proximate cause of Custom Transport's negligence, Jeffrey Noffsinger died on October 2, 2019.

51.      Had Custom Transport not breached its duties and had not been negligent, Jeffrey Noffsinger would not have died on October 2, 2019.

52.      As a direct and proximate result of Defendant Custom Transport's negligence and resulting death of Jeffrey Noffsinger, the class of beneficiaries of this action, as determined in accordance with Va. Code § 8.01-53, have sustained losses, including but not limited to, sorry, mental anguish, losses of society, companionship, comfort, guidance, kindly offices and advice of Jeffrey Noffsinger.  This class of beneficiaries has lost past and future compensation of income of Jeffrey Noffsinger, as well as for services, protection, care and assistance provided by Jeffrey Noffsinger and the other items of damages recoverable under Virginia law.  *See e.g*., Va. Code § 8.01-52.

53.      As a direct and proximate result of Defendant Custom Transport's negligence and resulting death of Jeffrey Noffsinger, this class of beneficiaries also incurred expenses for the care, treatment and hospitalization, funeral and related expenses of Jeffrey Noffsinger incident to his injuries and his resulting death.

WHEREFORE, the Plaintiff, Terri Kaye Noffsinger, Administrator of the Estate of Jeffrey Alan Noffsinger, Deceased, demands judgment against the defendants, Joshua Anthony Bernard and Custom Transport, Inc., jointly and severally, in the sum of **TEN MILLION DOLLARS and 00/100 ($10,000,000.00)** plus taxable costs, with interest assessed as of the day of the collision referenced herein.

TRIAL BY JURY IS DEMANDED.

Respectfully submitted,

TERRI KAYE NOFFSINGER, Administrator of the Estate
of JEFFREY ALAN NOFFSINGER, Deceased

s/ Richard F. Popp

Richard F. Popp, Esq. (VSB #30007)
rpopp@skolrood.com
SKOLROOD LAW FIRM, PC
2965 Colonnade Drive, SW, Suite 225
Roanoke, VA 24018
Phone:  (540) 989-0500
Facsimile:  (540) 989-1888
*Counsel for Plaintiff*